## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ABBEY RIDGE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-cv-_____ |
| | ) | |
| ADDISON INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### COUNT I
### (Declaratory Judgment)

NOW COMES the plaintiff, Abbey Ridge LLC, by Wham & Wham, its attorneys, and for Count I of its Complaint against the defendant, Addison Insurance Company, states as follows:

### NATURE OF THE ACTION

1.      Count I of plaintiff's Complaint is an action for declaratory relief pursuant to 28 U.S.C. § 2201 which arises out of an existing and actual controversy between the parties concerning the parties' rights and obligations, more specifically, the existence of coverage, under a policy of insurance issued to plaintiff by Addison Insurance Company, being policy number 60410048, with effective dates of December 9, 2016 – December 9, 2017, insuring both the real and personal property of plaintiff located at 24 Brewster Valley, Pomona, Illinois,  against various losses and perils ("the Policy"), a copy of the relevant portions of the Policy are attached hereto as Exhibit A and Exhibit B.

2.      On or about February 1, 2017, a fire occurred at 24 Brewster Valley, Pomona, Illinois, being the location owned by plaintiff and insured by defendant under the Policy, causing extensive damage to the real and personal property at said insured location.

## THE PARTIES

3.      At all times herein, plaintiff, Abbey Ridge LLC, was and is a limited liability company ("LLC"), consisting of two individual members, with its principal place of business in Pomona, Jackson County, Illinois.

4.      Terri Addison, is a member of Abbey Ridge LLC, a natural person residing in Union County, Illinois and, therefore, a citizen of and domiciled in the State of Illinois.

5.      Philip Royster, is a member of Abbey Ridge LLC, a natural person residing in Jackson County, Illinois and, therefore, a citizen of and domiciled in the State of Illinois.

6.      Defendant, Addison Insurance Company, is an Iowa insurance company with its principal place of business in the State of Iowa and, therefore, a citizen of the State of Iowa.

## JURISDICTION

7.      This Court possesses original jurisdiction of this civil action based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.  The matter in controversy exceeds $75,000.00, exclusive of interest and cost, and is between citizens of different states.

## VENUE

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the activities giving rise to the controversy occurred in Jackson County, Illinois, within this judicial district.

## FACTUAL BACKGROUND

9.      A true copy of the relevant portions of the Policy that is in controversy is attached hereto as Exhibit A & B, and made a part hereof.

10.     At all relevant times, the plaintiff operated a popular brewery, restaurant and gathering place for the general public in the heart of the Shawnee National Forest, known as the Abbey Ridge Brewery & Tap Room ("Abbey Ridge").

11.     Due to the popularity of Abbey Ridge, the plaintiff elected to expand its operations by constructing a new building to offer additional seating for its establishment, which also served as a reception hall/event center. After Thanksgiving in late November 2016, the plaintiff commenced construction of the new building.

12.     The new building contained its own load bearing walls with a separate truss system not dependent upon any existing building. The new building also contained its own electric, plumbing, and HVAC systems separate and apart from any existing building, in addition to having its own restroom facilities. The new structure had exterior doorways providing access to the new building without having to first access any existing building.

13.     The new building abutted, but was not reliant upon, any existing structure at Abbey Ridge. The new building contained a shared interior doorway providing ease of ingress and egress for patrons and personnel of Abbey Ridge between the two buildings. The sheet metal roofs of the two buildings were also contoured together to make the two structures more aesthetically pleasing and to adequately shed water where the two buildings abutted.

14.     At all relevant times, the new building was designed, constructed and operated as a separate building that was not reliant upon the existing building to which it abutted.

15.     On or about February 1, 2017, the plaintiff was using its new building for its intended use, although all construction in the new building had not yet been completed. By February 1, 2017, a number of events had been held in the new building and it served as seating for patrons of Abbey Ridge.

3

16.     On February 1, 2017, a fire occurred at Abbey Ridge causing extensive damage to both the new and existing buildings, in addition to the personal property contained therein.

17.     Thereafter, the plaintiff asserted a claim against defendant under the Policy for its fire loss.

**THE POLICY**

18.     Under the Policy and all of its relevant coverage parts, fire is a covered cause of loss.

19.     The Commercial Property Coverage Part of the Policy, attached hereto as part of Exhibit A, contains the Building and Personal Property Coverage Form, CP 00 10 10 12, which provides the following:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

**A.     Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1.     Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.**, and limited in **A.2.** Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

**a.**     Building, meaning the building or structure described in the Declarations, including:

**(1)**     Completed additions;
**(2)**     Fixtures, including outdoor fixtures;
**(3)**     Permanently installed:
    **(a)**     Machinery; and
    **(b)**     Equipment;
**(4)**     Personal Property owned by you that is used to maintain or service the building or structure or its premises, including:
    **(a)**     Fire-extinguishing equipment;

4

    **(b)**    Outdoor furniture;

    **(c)**    Floor coverings; and

    **(d)**    Appliances used for refrigerating, ventilating, cooking, dishwashing or laundering;

**(5)**    If not covered by other insurance:

    **(a)**    Additions under construction, alterations and repairs to the building or structure;

    **(b)**    Materials, equipment, supplies and temporary structures, on or within 100 feet of the described premises, used for making additions, alterations or repairs to the building or structure.

\* \* \*

**2.**    **Property Not Covered**

Covered Property does not include:

**k.**    Property that is covered under another coverage form of this or any other policy in which it is more specifically described, except for the excess of the amount due (whether you can collect on it or not) from that other insurance;

\* \* \*

**5.**    **Coverage Extensions**

Except as otherwise provided, the following Extensions apply to property located in or on the building described in the Declarations or in the open (or in a vehicle) within 100 feet of the described premises.

If a Coinsurance percentage of 80% of more, or a Value Reporting period symbol, is shown in the Declarations, you may extend the insurance provided by this Coverage Part as follows:

**a.**    **Newly Acquired Or Constructed Property**

**(1)**    **Buildings**

If this policy covers Building, you may extend that insurance to apply to:

**(a)**    Your new building while being built at the described premises;

…

The most we will pay for loss or damage under this extension is $250,000 at each building.

**(2)     Your Business Personal Property**

    **(a)**    If this policy covers Your Business Personal Property, you may extend that insurance to apply to:

        **(ii)**    Business personal property, including such property that you newly acquire, located at your newly constructed or acquired buildings at the location described in the Declarations.

        The most we will pay for loss or damage under this extension is $100,000 at each building.

…

**(3)     Period of Coverage**

With respect to insurance provided under this Coverage Extension for Newly Acquired or Constructed Property, coverage will end when any of the following first occurs:

    **(a)**    This policy expires;
    **(b)**    30 days expire after you acquire the property or begin construction of that part of the building that would qualify as covered property; or
    **(c)**    You report values to us.

…

20.    The Commercial Property Coverage Part of the Policy, attached hereto as part of Exhibit A, also contains the Ultra Property Plus endorsement, CP 70 88 09 14, which modifies and expands the Newly Acquired or Constructed Property coverage under the Building and Personal Property Coverage Form, with the following language:

### ULTRA PROPERTY PLUS

The following items modify insurance provided under the following:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

I.  At **Section A. Coverage 5. Coverage Extensions a. Newly Acquired or Constructed Property** at:

   1.  **Buildings** the amount $250,000 is deleted and replaced by $500,000.

   2.  **Your Business Personal Property** the amount of $100,000 is deleted and replaced by $250,000; and

   3.  The provisions at **3. Period of Coverage** are deleted and replaced by the following language:

     3.  With respect to insurance provided under this Coverage Extension for Newly Acquired or Constructed Property, coverage will end when any of the following first occurs;

       a.  This policy expires;
       b.  90 days expire after you acquire the property or begin construction of that part of the building that would qualify as covered property; or
       c.  You report values to us.

21.  In addition, the Policy contained an Inland Marine Coverage Part, with a policy inception date of December 9, 2016, as attached hereto as Exhibit B, which included the Builders' Risk and Installation Coverage Form, CM 70 50 02 16, providing the following language:

**BUILDERS' RISK AND INSTALLATION COVERAGE FORM**

**PROPERTY COVERED (BUILDERS RISK & INSTALLATION INSURING AGREEMENT)**

"We" cover the following property unless the property is excluded or subject to limitations.

1.  **Builders' Risk Coverages –**

   a.  **Course of Construction**

1)  **Coverage –** "We" cover direct physical loss caused by a covered peril to buildings and structures while in the course of construction, erection, or fabrication.

Buildings and structures in the course of construction is limited to:

a)  materials and supplies that will become a permanent part of the buildings or structures;

b)  foundations, excavations, grading, filling, attachments, permanent fencing, and other permanent fixtures;

c)  scaffolding, construction forms or temporary fencing at the "jobsite"; and

d)  temporary fencing at the "jobsite".

\* \* \*

**PROPERTY NOT COVERED**

6.  **Standing Building Or Structure –** "We" do not cover any:

a.  standing building or structure;

b.  part of a standing building or structure; or

c.  standing building or structure to which, additions, alterations, improvements, or repairs are being made.

A standing building or structure means any building or structure that has been wholly or partially constructed, erected or fabricated. A standing building or structure also means any building or structure that is in the process of construction, erection, or fabrication at the inception of this policy. However, "we" do cover materials, supplies, machinery, fixtures, and equipment that "you" install, construct, or lift in connection with an installation or construction project in a building or structure.

\* \* \*

22.  As a direct and proximate result of said fire loss, the new building was determined by defendant to be a total loss, with the replacement cost value of the new building being calculated by defendant to be $360,948.07.

8

23.     As a direct and proximate result of said fire loss, the plaintiff sustained damage to its newly acquired personal property in an amount in excess of the sum of $250,000.

24.     On or about May 16, 2017, through its public adjuster, plaintiff wrote to the defendant and requested the defendant provide coverage to plaintiff under the Newly Acquired or Constructed Property provisions of the Policy. A copy of said letter is attached hereto as Exhibit C.

25.     On or about June 14, 2017, the defendant wrote to the plaintiff denying that the endorsed $500,000 in additional coverage purchased by plaintiff for "Newly Acquired of Constructed Property" applied to the damage to plaintiff's new building.

At that time, defendant contended that plaintiff's new building was a "renovation being added to the existing building" and that " 'Newly Acquired of Constructed Property' only applies to the construction of a building not previously in existence." The defendant further contended that the Building and Personal Property Coverage Form excluded the new building from coverage because the Builders' Risk and Installation Coverage Form provided more specific coverage for the new building.

A copy of said letter is attached hereto as Exhibit D.

26.     On or about June 16, 2017, through its public adjuster, plaintiffs wrote to defendant disputing the defendant's coverage interpretation and determination and identified a number of what plaintiff contends are factual inaccuracies contained in defendant's June 14, 2017 letter.  Plaintiff also requested that defendant acknowledge application of the Ultra Property Plus endorsement to the plaintiff's newly acquired business personal property. A copy said letter is attached hereto as Exhibit E.

27.     On or about July 11, 2017, defendant responded to plaintiff's June 16, 2017 letter by again denying plaintiff coverage under the Newly Acquired or Constructed Property

provisions of the Policy relating to the coverage plaintiff sought for the damage to the new building. This time, defendant contended the Newly Acquired or Constructed Property provision of the Policy "only applies to new buildings while being built…" and contended that the new building "was in-fact not a stand-alone structure". Rather, defendant contended the new building was an "addition" which depended upon the existing building to which it abutted. Defendant failed to provide any documentation or other evidentiary support for its contention that the new building was not a stand-alone structure or that said coverage was not applicable for an "addition".

Moreover, defendant denied that the Policy afforded coverage for the $250,000 in increased coverage purchased by plaintiff for "Newly Acquired Business Personal Property" under the Ultra Property Plus endorsement.

A copy of said letter is attached hereto as Exhibit F.

28.    A dispute has arisen between the parties in that plaintiff contends the Policy affords coverage for the damage to its new building and its newly acquired business personal property under the Newly Acquired or Constructed Property provisions of the Policy, as identified herein and modified by the Ultra Property Plus endorsement. Defendant contends that such coverage is not applicable to plaintiff's fire loss.

29.    By reason of the foregoing, an actual controversy exists between the plaintiff, Abbey Ridge LLC, and the defendant, Addison Insurance Company.

WHEREFORE, the plaintiff, Abbey Ridge LLC, requests the Court to enter an order declaring the rights of the parties and to hold as follows:

A.    That the plaintiff is entitled to coverage under Newly Acquired or Constructed Property provisions of the Policy and the expanded coverage afforded under the Ultra Property Plus endorsement;

10

B.      That the plaintiff is entitled to coverage under Newly Acquired Business Personal Property provisions of the Policy and the expanded coverage afforded under the Ultra Property Plus endorsement; and

C.      For such other and further relief as the premises in equity may require.

**COUNT II**
**(Money Damages)**

NOW COMES the plaintiff, Abbey Ridge LLC, by Wham & Wham, its attorneys, and for Count II of its Complaint against the defendant, Addison Insurance Company, states as follows:

1-29.   Plaintiff repeats and realleges ¶ 1 through ¶ 29 of Count I as and for ¶ 1 through ¶ 29 of Count II of its Complaint.

30.     That the defendant has paid plaintiff $150,000 of the $360,948.07 in damages sustained to the new building, as a result of said fire loss.

31.     That the defendant has paid plaintiff $0 of the more than $250,000 in damages sustained to plaintiff's newly acquired business personal property, as a result of said fire loss.

32.     Pursuant to the above terms of the Policy, plaintiff is entitled to the unpaid amount of damages sustained to the new building as a result of said fire, being the sum of $210,948.07.

33.     Pursuant to the above terms of the Policy, plaintiff is entitled to the limits afforded under the Policy for newly acquired business personal property, being the sum of $250,000.

34.     That defendant's failure to fully compensate plaintiff for its fire loss constitutes a material breach of the Policy.

35.     In addition, the delay and neglect on the part of the defendant in the adjustment of plaintiff's fire loss has caused substantial additional damage to which the Policy affords coverage and has markedly increased the amount of plaintiff's losses.

WHEREFORE, the plaintiff, Abbey Ridge LLC, prays the court enter an order awarding damages in its favor and against the defendant, Addison Insurance Company, in an amount in excess of $460,948.07, plus pre-judgment interest, costs of suit and for all other relief this court deems just and proper under the circumstance.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**<u>COUNT III</u>**
**(215 ILCS 5/155 – Unreasonable and Vexatious Delay)**

NOW COMES the plaintiff, Abbey Ridge LLC, by Wham & Wham, its attorneys, and for Count III of its Complaint against the defendant, Addison Insurance Company, states as follows:

1-35.    Plaintiff repeats and realleges ¶ 1 through ¶ 35 of Count II as and for ¶ 1 through ¶ 35 of Count III of its Complaint.

36.     Defendant has been advised by plaintiff that its refusal to provide coverage under the endorsed Newly Acquired or Constructed Property and New Acquired Personal Property provisions is incorrect and inappropriate under the terms of the Policy and under Illinois law. In addition to Exhibits D & F, a copy of the letters written by the undersigned attorney for plaintiff dated December 10, 2017 and December 21, 2017 were provided to defendant and are attached hereto as Exhibit G & H, respectively.

37.     Even after being advised that Illinois law and the Policy requires defendant provide the coverage sought by plaintiff and that its coverage position is unwarranted, defendant continues to deny plaintiff the coverage sought by construing the terms of the Policy it is favor, to its own financial advantage and to the detriment of its insured.

38.     Defendant failed to properly investigate the plaintiff's claim, failed to properly ascertain the manner and methods used to construct the new building and continues to assert that the new building was not a stand-alone structure despite having no evidence or basis in fact to support its contention.

39.     Further, defendant contends that by purchasing a separate and additional $150,000 in Builders' Risk coverage that plaintiff thereby nullified the increased $500,000 and $250,000 limits plaintiff had also purchased under the Ultra Property Plus endorsement for Newly Acquired or Constructed Property and Newly Acquired Business Personal Property, respectively.

40.     That the denial of plaintiff's claim under these circumstances and the continued denial thereof constitutes an unreasonable and vexatious delay in the adjustment of plaintiff's loss in violation of 215 ILCS 5/155.

WHEREFORE, the plaintiff, Abbey Ridge LLC, prays the court enter an order in its favor and against defendant, Addison Insurance Company, awarding plaintiff penalties and attorneys' fees in the maximum amounts afforded under 215 ILCS 5/155, being an amount in excess of $75,000, plus costs of suit and all other relief this court deems just and proper under the circumstance.

WHAM & WHAM LAWYERS
212 East Broadway, P.O. Box 549
Centralia, Illinois  62801
Phone: (618) 532-5621
Fax: (618) 532-5055
Email: drpwhamlawyers@aol.com
        rdrwhamlawyers@aol.com
*Attorneys for Plaintiff, Abbey Ridge LLC*

By /s/ Ryan D. Rich
     Daniel R. Price          IL #6188928
     Ryan D. Rich             IL #6306824
